337 So.2d 1163 (1976)
STATE of Louisiana
v.
Darryl VEAZEY.
No. 57905.
Supreme Court of Louisiana.
October 6, 1976.
*1164 William J. Guste, Jr., Atty. Gen., Barbara Rutledte, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Richard J. Putnam, Jr., Asst. Dist. Atty., for plaintiff-appellant.
J. Minos Simon, J. Minos Simon, Ltd., Lafayette, for defendant-appellee.
MARCUS, Justice.
Darryl Veazey was indicted by the grand jury for the Parish of Vermillion for having committed the crime of carnal knowledge of a juvenile in violation of La.R.S. 14:80. The defendant moved to quash the indictment on the ground that the statute under which he was charged discriminated between persons similarly situated on the basis of sex, thereby violating the equal protection clauses of the federal and state constitutions. After taking the matter under advisement, on September 16, 1975, the trial judge sustained the defendant's motion and quashed the indictment. This ruling was recorded in the minutes of the court on October 24, 1975. On March 4, 1976, the state, pursuant to La.Code Crim.P. art. 912, subd. B(1), applied for and was granted an appeal to this court[1] from the adverse ruling of the trial judge.
The state contends that the trial judge erred in ruling unconstitutional La.R.S. 14:80 which penalizes anyone over the age of seventeen for having sexual intercourse with an unmarried female over the age of twelve but under the age of seventeen. We do not, however, reach the merits of this contention since we are in agreement with the motion of the defendant, filed in this court, to dismiss the appeal on the ground that it is not timely.
The state's motion for an appeal was made on March 4, 1976, over four months after the order to quash the defendant's indictment was recorded in the minutes of the court. The state argues, in reply to the defendant's motion to dismiss, that its appeal was timely inasmuch as it was taken within fifteen days of the date on which it received written notice of the trial judge's ruling.
La.Code Crim.P. art. 914 provides as follows:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than fifteen days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court. (Emphasis added.)
It is the state's contention that when a matter is taken under advisement, written notice of the judgment or ruling subsequently rendered should be sent to the interested parties. The state further argues that the time for appealing from such judgments or rulings should commence running only from the date of receipt of notice thereof. We are asked to engraft these rules, borrowed from the Code of Civil Procedure (Code Civ.P. arts. 1911, 1913 and 2123), onto the clear statutory language of Code Crim.P. art. 914. This we cannot do. While the provisions suggested by the state might indeed prove beneficial supplements to the Code of Criminal Procedure, that is a matter which addresses itself to the legislature. In the absence of statutory authority to the contrary, we will continue to follow the directive of article 914 that motions for appeal must be made no later than fifteen days after the rendition of the judgment or ruling from which the appeal is taken. The state's reliance on our decision in State v. Sandoz, 258 La. 297, 246 So.2d 21 (1971) is misplaced. In that case, we applied the *1165 notice provisions and time limit for taking an appeal embodied in the Code of Civil Procedure because we found a proceeding questioning the cancellation of a bond forfeiture to be in the nature of a civil appeal. Any remarks made concerning the timeliness of the appeal under Code Crim.P. art. 914 were, therefore, unnecessary to the decision of the case and constituted dicta not binding on this court. Since the appeal in the instant case is purely criminal in nature, we adhere to the clear statutory language of article 914 and accordingly find that the state's motion for an appeal was not timely.
In oral argument before this court the state has urged that we, in the interest of equity, grant an out-of-time appeal to consider the merits of the case. The record reflects that the state did not make inquiry as to the disposition of the defendant's motion to quash his indictment until February 23, 1976, over five months after the matter was taken under advisement. Moreover, affidavits attached to the defendant's motion to dismiss demonstrate that on November 12, 1975, the district attorney was apprised of the disputed ruling of the trial judge when that ruling was cited to an assistant district attorney in support of a similar motion filed in another case. Hence, although there may be instances in which we would be justified in granting the request of the state for an out-of-time appeal, we are satisfied that the facts in this case do not support the state's prayer for equitable relief from the time limit for taking an appeal set out in article 914 of the Code of Criminal Procedure.

DECREE
For the reasons assigned, the defendant's motion to dismiss the appeal is granted; the appeal is dismissed.
NOTES
[1] La.Const. art. V, § 5(D)(1) provides for an appeal to this court from pre-conviction rulings which declare a law or ordinance of this state unconstitutional.