766 So.2d 550 (1998)
STATE of Louisiana
v.
Victoria W. GRAY, Gary S. Watkins and Amy Gray.
No. 98-KA-0347.
Court of Appeal of Louisiana, Fourth Circuit.
October 21, 1998.
Harry F. Connick, District Attorney of Orleans Parish, Val M. Solino, Assistant District Attorney of Orleans Parish, New Orleans, for Plaintiff/Appellant.
Elizabeth W. Cole, Supervising Attorney, Christopher B. Burgess, Student Attorney, Tulane Law Clinic, New Orleans, for Defendants/Appellees.
Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES, and Judge MIRIAM G. WALTZER.
JONES, Judge.
The State of Louisiana appeals the judgment of the trial court granting the defendants' Motion to Quash the Bill of Information. The trial court found that the defendants' rights were prejudiced by the State's unreasonable delay in prosecuting this case. Finding that the trial court abused its much discretion, we reverse the judgment of the trial court, and remand for further proceedings.

FACTS
The three defendants involved in this case were arrested and charged in case number 380-665 "A." The bill of information was filed on January 11, 1996, and the defendant, Amy Gray, was charged with second degree battery, a violation of 14:34.1. Victoria Gray, Amy Gray's mother, and Gary S. Watkins were each charged with aggravated battery upon Debra Ruffin, a violations of La. R.S. 14:34.
The defendants filed numerous motions, including a motion for a speedy trial on February 16, 1996. The trial court found probable cause and denied the motions to suppress the evidence and the inculpatory statement after a hearing on April 9, 1996. On May 13, 1996, the date set for trial, the State added two doctors' names to its witness list. Trial was reset for June 24, 1996, but on that day the State requested a continuance because the doctors were not available. The trial court would not grant a continuance, and the State entered a nolle prosequi as to each defendant.
On June 26, 1996, the State reinstated the charges against the three defendants in case number 383-795 "A." Gary Watkins was arraigned on August 1, 1996, and *551 pleaded not guilty. Victoria and Amy Gray were never arraigned under the new case number. Therefore, on September 20, 1996, the attorneys for Gary Watkins, Victoria and Amy Gray filed motions to quash the bill of information. On November 19, 1996, the trial court granted the motions to quash following a hearing on the motions. However, the transcript for the motion hearing was not made a part of the record.
The State now appeals the granting of motions to quash arguing the defendants were not prejudiced by the eleven-month delay between the filing of the bill of information and the granting of the motions to quash. Initially, the defendants argued that the State's appeal was not timely filed, and, thus, this Court should refuse to hear the case.[1]
Secondly, the defendants argue the State violated their rights to a speedy trial in that they suffered severe anxiety during the eleven-month delay between the filing of the charges and the granting of the motions to quash. See State v. Reaves, 376 So.2d 136 (La.1979).
La.C.Cr.P. art. 701 provides that a defendant has a right to a speedy trial. This statute states that when a defendant is not held in custody and is charged with a felony, a bill of information must be filed within 150 days of arrest. The arraignment must be set within thirty days, and the trial must commence within 180 days. The time constraints found in La.C.Cr.P. art. 701 were not violated in this case.
Additionally, La.C.Cr.P. art. 572 requires that the trial in a felony case commence within four years if the felony is not necessarily punishable by imprisonment at hard labor. On the other hand, La.C.Cr.P. art. 578 provides that a trial must commence no later than two years from the date of institution of the prosecution. These time periods have not been surpassed in this case.
Notwithstanding the defendants' statutory rights, a defendant also has a constitutional right to a speedy trial guaranteed by the Sixth Amendment of the U.S. Constitution, and extended to the States by the Fourteenth Amendment. U.S.C.A. Const.Amend. 6 and 14; Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In Barker, the U.S. Supreme Court authored a four-part test for determining whether a defendant's constitutional right to a speedy trial has been violated. The Court stated that a reviewing court must consider the following elements: the length of the delay, the reason for the delay, the defendant's assertion of his or her rights, and prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2192. Furthermore, the Court noted that the length of delay is a triggering mechanism, and unless the reviewing court finds the length of delay to be presumptively oppressive given the circumstances of the case the other three factors need not be addressed.
At the motion to quash hearing the trial court listened to the defense counsel's arguments and agreed that under Reaves the Defendants' rights had been prejudiced. In Reaves, the Louisiana Supreme Court upheld the trial court's granting of a motion to quash after a three and one-half month delay between the filing of the bill of information on a misdemeanor marijuana charge and the trial court's denial of the State's fourth continuance.
When the State entered a nolle prosequi and reinstituted the charges in a new case, the defense successfully moved to quash. The motion to quash in Reaves was granted *552 because of the delay period and the "peculiar circumstances" of the case. The defendant in Reaves was charged with misdemeanor possession of a single marijuana cigarette. The trial was reset four times with the defendant and his witness present because the State could not produce its witness. The court looked to the peculiar circumstances of that case, and found that the delay placed "economic and psychological burdens" on the defendant. The defendant was a forty-two year old family man who was forced to miss six days of work to go to court for a misdemeanor offense. For this reason, the Supreme Court upheld the motion to quash in Reaves.
In the case at bar, the defendants were arrested on August 27, 1995[2], and the bills of information were filed on January 11, 1996. Arraignment was set for January 22nd, but according to the docket master "no court [was] held on 1/22/9[6]." The defendants were subsequently arraigned on February 9, 1996, and the defense attorneys filed motions on February 16, 1996. A motion hearing was scheduled for March 15, 1996, but was reset and heard on April 9, 1996. Trial was set for May 13, 1996, but the State moved for a continuance in order to add two doctors as witnesses. On June 24, 1996, the State requested another continuance because the doctors had not yet been served. When the trial court refused to grant the second continuance the State entered a nolle prosequi.
On June 27, 1996, the State filed a new bill of information, and Gary Watkins was arraigned on August 1, 1996. However, the arraignments for Victoria and Amy Gray were reset from August 19, 1996, to another date because they were not served. On September 20, 1996, the defense attorneys for Watkins and the Grays filed motions to quash, and such motions were granted following the November 1996 hearing.
Applying the first Barker factor to this case, the motions to quash were obviously granted because of the eleven-month delay. However, this issue is res nova for this Court considering that most of the cases that were before us involve a delay that is more than one year.
In State v. Leban, 611 So.2d 165 (La. App. 4 Cir.1992), writ denied, 619 So.2d 533 (La.1993), a delay of sixteen months was found to be "presumptively prejudicial" under Barker v. Wingo, 611 So.2d at 169. Similarly, in State v. Esteen, 95-1079 (La.App. 4 Cir. 4/3/96), 672 So.2d 1098, writ denied, 96-0979 (La.9/27/96), 679 So.2d 1359, this Court held that a two and one-half year delay between the institution of prosecution and trial was presumptively prejudicial and triggered an inquiry into the other three factors announced in Barker.

The defendants argue that the delay in this case was "presumptively oppressive," therefore, we shall review this case in light of the remaining Barker factors. Reaves, supra.
The second Barker factor involves the reason for the delay period. The State requested continuances because of missing witnesses on May 13, 1996 and June 24, 1996. There was no indication in the record that the defense objected to either continuance. In Barker, 407 U.S. at 530, 92 S.Ct. at 2192, the Court comments that "a valid reason, such as a missing witness, should serve to justify appropriate delay." Applying this precept to the case sub judice, it appears that both continuances requested by the State continuances fall under this justified, "appropriate delay."
The third Barker factor is the defendant's assertion of his or her right to a speedy trial. This right was asserted at the very beginning of the case, when a right to a speedy trial form was filed with the defendants' pretrial motions. On August 19, 1996, the defendants informed the *553 judge that a motion to quash would be filed. There is no record of any other objection by the defense.
As for the fourth Barker factor, the defendants based their motions to quash on the fact that the delay period was prejudicial to all defendants. In State v. Shorts, 97-0050 p. 9 (La.App. 4 Cir. 1/7/98), 705 So.2d 1237, 1241, this Court held that a delay of five months caused by the State's failure to produce its witness who was a police officer did not prejudice the defendant nor violate his right to a speedy trial. This Court went on to discuss the standard for proving prejudice whereby we stated:
The defendant's degree of proof of prejudice varies inversely with the government's culpability for the delay; where the government was reasonably diligent in its efforts to bring the defendant to trial, the defense must show specific prejudice to his defense. Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). In that case[,] the United States Supreme Court found that toleration of the State's negligence varies inversely with the length of time involved, and a delay of eight and a half years was a denial of the defendant's right to a speedy trial although the prejudice was unspecified. Delays due to official negligence are weighed against the State to a lesser degree than deliberate delays for the purpose of determining whether there has been a violation of the defendant's constitutional right to a speedy trial. State v. Willis, 94-0056 (La.App. 1 Cir. 3/3/95), 652 So.2d 586.
In the case at bar, the State is not culpable for the entire eleven-month delay. The delay resulted from pre-trial motions filed by the defense, as well as the trial court's schedule. Defendants argue that the State was not diligent in its effort to get its witnesses to trial. However, the record does not support their argument.
During the April 9, 1996 hearing, the State learned that the victim's doctor's testimony was necessary, and the trial court granted a continuance on April 13, 1996, so the doctor could be subpoenaed. On June 24, 1996, the State moved for another continuance because the address on the subpoena was incorrect. Thus, the trial court granted the State an additional continuance, but commented that the State had six months to contact him. Obviously, the State had two and one-half months rather than six months in which to contact the doctor. This two and one-half month delay in which the State had to locate potential witnesses, was not so unreasonable as to charge the State with a lack of diligence in preparing for trial. Because we find the delay period in this case period to be reasonable under the "peculiar circumstances," we look to find whether this delay prejudiced the defense.
Defendants, Victoria and Amy Gray, argue that they suffered severe prejudice from this delay. They argue that they were first offenders, who have not missed a court date. However, they both argue the continuances were prejudicial and worked severe hardship upon them.
Victoria Gray contends that she made all six court appearances between August 27, 1995, and September 20, 1996. Nevertheless, she maintains that as the financial provider for her daughter, Amy Gray and Amy's minor son, the continuances caused her to either miss work or report to work late. Amy Gray, who was a high school student at the time the bill of information was filed, claimed that she was unable to enlist into the U.S. Army as a result of this case. She is now enrolled in a trade school, and argues that she will forfeit her tuition if she misses more than five (5) days. Both Victoria and Amy Gray are first offenders and have never missed a court appearance, and they further argue the eleven-month delay caused them to suffer "economic and psychological burdens." State v. Reaves, 376 So.2d at 139.
In rebuttal, the State argues that neither defendant was incarcerated. Moreover, *554 the State argues that many of their problems stem from the charges against them rather than from the State's requesting continuances. Victoria Gray has not lost her job, and Amy Gray has not been dismissed from vocational school. More importantly, each defendant was charged with a felony, which is a crime of violence, unlike the defendant in Reaves who was charged with a misdemeanor. Furthermore, there was no evidence presented to show that witnesses became unavailable or that evidence was lost because of the delay. Nor did the defendants show that the State received any tactical advantage because of the delay.
Because the eleven-month delay did not prejudice the defense, was not a violation of the defendants' right to a speedy trial, and could not be attributed to an attempt by the State to gain a tactical advantage, the judgment of trial court granting the motions to quash is reversed, and matter is remanded for further proceedings.
REVERSE AND REMANDED.
PLOTKIN, J., Dissents.
PLOTKIN, J., dissenting.
The state orally announced its desire to apply to this court for a writ of review on November 19, 1996, the day defendant's motion to suppress was granted. The trial court granted the state until December 19, 1996, to seek writs, and the state filed an appeal on December 20, 1996. Regardless of whether or not the state should have sought an appeal or sought writs, this application was untimely because the state missed the December 19, 1996, deadline to seek relief. The defendant does argue this in her brief, and as such, relief should be denied.
Therefore, I would affirm the decision of the trial court granting the defendant's motion to quash.
NOTES
[1] On November 19, 1996, when the State objected to the granting of the motion to quash, the judge gave the State one month to file for a writ of certiorari, i.e., until December 19, 1996. On December 20, 1996, the State filed a motion for an appeal, which was granted. The defense fails to argue that the State's motion for an appeal was untimely, and thus it will not be considered. Errors that are not briefed are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4
[2] The docket master shows that the Grays were released on bond on August 28, 1995 and Gary Watkins was released on bond on September 11, 1995.