JAMES F. McKAY III, Judge.
STATEMENT OF CASE
Desmond K. Garras was charged by bill of information on December 10, 2001, in case number 426-692 “C”, with the unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. He pled not guilty at his arraignment on December 28, 2001. On January 25, 2002, the defense filed an application for a subpoena duces tecum, requesting fingerprints from two people, and copies of the fingerprints lifted from the stolen vehicle. The court set a return date of February 22, 2002, on the subpoena. On February 22, 2002, the court found probable cause to bind the defendant over for trial; however, there is no mention of the fingerprint subpoena on that date.
On April 2, 2002, the first setting for trial, the State moved for a continuance because the fingerprint information requested by the defense had not yet been produced by the NOPD Crime Lab. The State advised the court that the information sought by the defense might contain exculpatory evidence, as the fingerprints recovered from the stolen vehicle did not belong to the defendant. The State further argued that because the evidence was incomplete and therefore not | ¿fully explored, it required additional time to analyze that evidence relative to its case.
The trial denied the State’s request for continuance stating that it did not understand how the “incomplete” information could be Brady material because the fingerprints recovered from the stolen vehicle already excluded the judge defendant. The State then entered a nolle prosequi on April 2, 2002.
On April 5, 2002, the State re-instituted proceedings against the defendant under case number 429-295 “C”. The defendant was arraigned on April 18, 2002, and pled not guilty.
On April 80, 2002, the defense filed a motion to quash the bill of information, which the trial court granted that same day. This appeal followed.
On January 24, 2003, this Court ordered the State to show cause why this appeal should not be dismissed as untimely pursuant to La.C.Cr.P. art. 914 and State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291. The State responded to the show cause order on February 11, 2003.
La.C.Cr.P. art. 914 states in pertinent part that “[a] motion for an appeal *798 may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.”
In this case, the State orally noted “its intent to seek writs” immediately after the trial court granted the defendant’s motion to quash. The docket master indicates that on the same day the trial court quashed the proceedings, it allowed the State until May 29, 2002 “to take a writ”. On May 29, 2002, the State filed a notice of intent to file an appeal, followed by a motion for appeal on June 10, 2002, which the trial court granted.
|aThe State argues that it adhered to the time constraints of La. C.O.P. art. 914 by placing the defense on notice it would seek review of the order quashing the proceedings on the same day the trial court rendered the ruling. Further, the State maintains that neither the trial court nor the defense objected to or claimed prejudice when the State orally noticed its intent to seek a “writ”,[1] or when it filed a notice of intent to appeal, albeit a late notice. The State notes that appeals are favored in the law, and the Louisiana Supreme Court has disapproved of the dismissal of appeals on “hyper technical” grounds. “Appeals are favored in law, and appeals should not be dismissed on hyper technical interpretations of a statute which can be reasonably interpreted to preserve the appeal, particularly in the absence of any claim of prejudice by the opposing party.” State v. Gilbert, 99-2838 (La.4/20/00), 758 So.2d 779.
As further support for the timeliness of its appeal, the State cites State v. Armant, 2002-0907 (La.App. 5 Cir. 1/28/03), 839 So.2d 271, in which the Fifth Circuit chose to construe an oral notice of intent to apply for supervisory review as an oral notice for appeal. However, the State’s reliance on Armant is misplaced because it is factually inapposite to this case. In Armant, the defense, not the State, noticed its intent to seek “writs” rather than appeal, and then filed a written motion for appeal nine days later, rendering the appeal untimely under C.Cr.P. art. 914.
In its January 24, 2003, order, this Court also questioned the timeliness of this appeal in light of State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.
LResponding, the State argues that this case is distinguishable from Gray, supra. The distinction, according to the State, is that in Gray, there is no indication that the State notified the defense, either by writ or appeal, within the five day time period of La.C.Cr.P. art. 914, that it intended to seek review of the judgment quashing the proceedings.
The State’s argument is incorrect. In Gray, the State did object to the granting of the motion to quash, and was allowed one month to file for a writ of certiorari. One day after the due date for filing the writ, the State filed a motion for appeal, which was granted. State v. Gray, unpub., 98-0347, p. 2 fn. 1, 731 So.2d 559 (La.App. 4 Cir. 10/21/98). Vacating this Court’s decision in Gray, and reinstating the judgment granting the motion to quash the Supreme Court concluded that “... the district court’s judgment became final when the state failed to take a timely appeal from the disputed ruling. State v. Veazey, 337 So.2d 1163 (La.1976).” State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.
*799 Considering the time limitation imposed by La.C.Cr.P. art. 914 and the procedural posture of this case in relation to State v. Gray, supra, it appears the State’s appeal is untimely.
Accordingly, we dismiss the State’s appeal as untimely under C.Cr.P. art. 914 and State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.
APPEAL DISMISSED.

. La.C.Cr.P. art. 912(B) provides in pertinent part:
... Adverse judgments or rulings from which the state may appeal include, ... (1) A motion to quash an indictment ...