MARION F. EDWARDS, Judge.
 

 |2On April 21, 2005, Katira M. Patterson (“Patterson”) filed a Petition for Damages against FedEx Ground Package System, Inc. (“FedEx”), alleging that she had been employed as a package handler since 1999, then as a delivery administrator in April 2003. The administrative position did not require heavy lifting. Patterson averred that her supervisor began subjecting her to unequal disciplinary actions and that she received disparate treatment because she is African-American. Patterson was placed on medical leave by her physician in 2004 and required surgery. Since her return to work, FedEx has attempted to move her to the warehouse against her physician’s recommendations. She also alleges she was placed on another shift and that other employees were treated more favorably. Patterson urged that FedEx retaliated against her for complaints to the Equal Employment Opportunity Commission (EEOC) dated May 6, 2004 and, | ..further, that FedEx’s actions were a violation of the Louisiana Anti-Discrimination statutes. She stated that she received a Right to Sue letter from the EEOC on January 25, 2005.
 

 FedEx filed an answer and affirmative defenses, alleging, among other things, that Patterson quit her job following Hurricane Katrina. The next pleading in this designated record is a Motion to Amend and Supplement Petition and Rule to Show Cause, filed by Patterson in May 2008.
 

 
 *796
 
 In that motion, Patterson acknowledged that certain allegations in the original petition could only come under the federal Civil Rights Act or Title VII and the Americans with Disability Act. Patterson further sought to supplement the petition by reiterating facts previously pled and by alleging new facts that occurred both before and after the first petition was filed. She urged that retaliatory actions continued and that subsequent activity on the part of FedEx was the result of her original action. Following Hurricane Katrina, Patterson returned to work and asserted that FedEx refused to transfer her to a position in Houston, Texas. On October 15, 2005, she averred that she was constructively discharged. Patterson averred that the amendment related back to the conduct set forth in the original pleading. She added claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000
 
 et seq.
 
 and the Americans With Disabilities Act, 42 U.S.C. § 1211
 
 et seq.
 
 FedEx opposed the motion.
 

 Following a hearing, on July 31, 2008, the trial court denied the Motion to Amend, finding that “the transfer claim is not part of the case and is therefore set aside.” The only Motion for Appeal is for that judgment and is, thus, the only judgment before us.
 

 We note a jurisdictional defect. LSA-C.C.P. art. 1915(B) states:
 

 JJB. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 (2)In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 The present judgment does not contain the determination required by article 1915(B)(1). It does not dismiss FedEx nor does it determine all of the claims, demands, issues, or theories in the ease. Under 1915(B)(2), the judgment is not final for purposes of this appeal.
 

 Interlocutory rulings are reviewed under this Court’s supervisory jurisdiction. However, the motion for appeal was filed within the time requirements for a writ application. By en banc meeting of December 9, 2004, this Court decided that converting appeals to writs will be left to the discretion of the panel. Under the circumstances of this case and in the interest of justice, we deny FedEx’s Motion to Dismiss Appeal, convert the appeal to a writ, and review the matter under out supervisory jurisdiction.
 

 The trial court is vested with broad discretion in ruling on motions to amend pleadings, and its decision to grant a Motion to Amend may not be disturbed absent an abuse of discretion.
 
 [1]
 

 
 *797
 
 |5The only charge Patterson made to the EEOC was dated May 6, 2005, and related the acts complained of in the original petition. The latest action complained of in the amending petition occurred by October 15, 2005. Patterson sought to file this pleading on May 14, 2008. The new claims sought to be filed by Patterson under the above-cited federal statutes are timed barred. An individual claiming discrimination in violation of Title VII must file a charge of discrimination with the EEOC within 300 days “after the alleged unlawful employment practice occurred.” 42 U.S.C. § 2000e-5(e)(l).
 
 Nat’l R.R. Passenger Corp. v. Morgan,
 
 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The filing of a timely EEOC charge is a statutory prerequisite to filing suit.
 
 Id.
 
 Discrete employment actions are not subject to the continuing violations doctrine.
 
 Nat’l R.R. Passenger Corp. v. Morgan, supra; RK Ventures, Inc. v. City of Seattle,
 
 307 F.3d 1045, 1061 (9th Cir.2002). In addition, the United States Supreme Court includes “failure to promote” among discrete employment actions.
 
 Morgan, supra; RK Ventures, supra.
 

 Further, to the extent that any of the new claims sought to be asserted may arise under LSA-R.S. 23:301
 
 et seq.,
 
 any such claims have likewise prescribed.
 
 See,
 
 LSA-R.S. 23:303.
 

 For the foregoing reasons, we find no abuse of discretion by the trial court in denying the Motion to Amend.
 

 APPEAL CONVERTED TO SUPERVISORY WRIT; RELIEF DENIED.
 

 [1]
 

 .
 
 Zulli v. Coregis Ins. Co.,
 
 05-155 (La.App. 5 Cir. 7/26/05), 910 So.2d 437,
 
 writ denied,
 
 2005-2226 (La.2/17/06), 924 So.2d 1017.