FREDERICKA HOMBERG WICKER, Judge.
li/The State of Louisiana appeals a judgment granting the defendant’s “Motion to Quash on the Basis of Double Jeopardy.” For the foregoing reasons, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
Because trial in this matter had not commenced, the facts in the record are sparse. On December 8, 2006, Jefferson Parish Sheriffs Office performed an investigatory stop on the defendant. After initial cooperation, the defendant allegedly struck a deputy and fled the scene. A pistol was recovered from a jacket that the defendant had disposed of while fleeing. The defendant was arrested shortly thereafter at his mother’s house.
On February 27, 2007, the defendant was charged by bill of information with one count of illegal carrying of a weapon, one count of resisting an officer, and one count of battery of a police officer, violations of La. R.S. 14:95, La. R.S. 14:108.1 A, and La. R.S. 14:43.2 respectively. On April 12, 2007, the defendant pleaded guilty as charged to all three counts in the February 27 bill of information.
|o,On June 7, 2007, the defendant was charged by bill of information with one count possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He pleaded not guilty at arraignment. On July 10, 2008, the defendant filed a Motion to Quash on the Basis of Double Jeopardy. In the memorandum accompanying the Motion, the defendant argued that trying *282 him on the possession of a firearm by a convicted felon charge would expose him to double jeopardy because he had already pled guilty to a charge of illegal carrying of a weapon arising out of the same course of conduct.
At the hearing on the motion on August 21, 2008, the trial judge informed defense counsel that he had not yet read his motion, but that he would read it and render judgment that day. Defense counsel argued that defendant had already “pled to it” in Second Parish Court and, therefore, trying the defendant on the charge of possession of a firearm by a convicted felon would be a double jeopardy violation. The prosecutor noted that in the event the motion was not quashed, they would need a trial date, and the trial judge agreed to issue a date.
On August 21, 2008, the trial judge issued a judgment granting the defendant’s Motion to Quash on the Basis of Double Jeopardy. The state filed a Motion for Appeal, Assignment of Error, and Designation of Record on October 6, 2008. The trial court granted the Motion for Appeal, Assignment of Error, and Designation of Record on October 22, 2008.
We decline to consider the merits of this appeal because the Motion for Appeal, Assignment of Error, and Designation of Record was not timely filed.
La. C. Cr. P. art. 914 provides as follows:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than fifteen days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court.
|,Jemphasis added)
In the instant case, judgment was rendered on August 21, 2008. The state’s Motion for Appeal, Assignment of Error, and Designation of Record was filed on October 6, 2008, 46 days after rendition of the judgment. In State v. Veazey, 337 So.2d 1163 (La.1976), the state’s motion for an appeal was made on March 4, 1976, over four months after the order to quash the defendant’s indictment was recorded in the court minutes. The state argued that its appeal was timely because it was taken within fifteen days of the date on which it received written notice of the trial judge’s ruling. The Supreme Court disagreed, noting:
It is the state’s contention that when a matter is taken under advisement, written notice of the judgment or ruling subsequently rendered should be sent to the interested parties. The state further argues that the time for appealing from such judgments or rulings should commence running only from the date of receipt of notice thereof. We are asked to engraft these rules, borrowed from the Code of Civil Procedure (Code Civ.P. arts. 1911, 1913 and 2123), onto the clear statutory language of Code Crim.P. art. 914. This we cannot do. While the provisions suggested by the state might indeed prove beneficial supplements to the Code of Criminal Procedure, that is a matter which addresses itself to the legislature. In the absence of statutory authority to the contrary, we will continue to follow the directive of article 914 that motions for appeal must be made no later than fifteen days after the rendition of the judgment or ruling from which the appeal is taken.
Veazey, 337 So.2d at 1164.
The same logic applies in the instant case. The state had 15 days from rendition of the judgment granting the Motion to Quash on the Basis of Double Jeopardy *283 to file a motion for appeal. It did not file the Motion for Appeal, Assignment of Error, and Designation of Record until 46 days after rendition of the judgment granting the Motion to Quash on the Basis of Double Jeopardy. Accordingly, the Motion for Appeal, Assignment of Error, and Designation of Record is untimely and we cannot consider the merits of the appeal.
^CONCLUSION AND DECREE
For the foregoing reasons, the appeal is dismissed.

APPEAL DISMISSED.