ON REHEARING
FREDERICKA HOMBERG WICKER, Judge.
|2We granted the state’s application for rehearing to determine whether the state’s appeal was timely filed. For the reasons that follow, we hold that our previous finding that the state’s appeal was untimely filed was correct. Accordingly, we dismiss this appeal.
The facts and procedural history of this appeal are described in State v. Hall, 09-01 (La.App. 5 Cir. 5/12/09), 28 So.3d 281, 2009 WL 1324206. The facts and procedural history pertinent to this rehearing are as follows.
The defendant pleaded guilty to one count of illegal carrying of a weapon on April 12, 2007. The state charged the defendant by bill of information with one count of possession of a firearm by a convicted felon on June 7, 2007. The defendant thereafter filed a motion to quash contending that charging him on the possession of a firearm by a felon charge would expose him to double jeopardy because he had already pleaded guilty to the count of illegal carrying of a weapon arising out of the same course of conduct. By judgment dated August 21, 2008, the trial court granted the motion to quash. The state filed a motion for appeal on | oOctober 6, 2008. We dismissed the appeal because the state filed the motion for appeal 46 days after rendition of the judgment granting the defendant’s motion to quash. However, in our previous opinion, we erroneously quoted from an outdated version of La. C. Cr. P. art. 914. The previous version of La. C. Cr. P. art. 914 provided that a motion for appeal “must be made no later than fifteen days after the rendition of the judgment or ruling from which the appeal is taken.” In addition, the state contended that we overlooked an oral motion for appeal that it filed on September 15, 2008. We granted this rehearing to consider these issues.
After we granted rehearing, the state supplemented the record with a transcript of the proceedings held on September 15, *284 2008.[1] That day, the prosecutor told the trial judge in open court “we objected [to the trial court’s August 21, 2008 ruling], and note our intent to seek writs, in the event that I have to.” (emphasis added). The prosecutor subsequently asked for a “return date on [the writ].” The trial court responded “September 29th.”
La. C. Cr. P. art. 914 currently provides:
A. A motion for appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such motion be filed.
(emphasis added)
The state contends that the prosecutor’s use of the phrase “intent to seek writs” on September 15, 2008 was sufficient to constitute an oral motion for appeal ^pursuant to La. C. Cr. P. art. 914(A). The defendant contends that the state’s “intent to seek writs” was insufficient to constitute an oral motion for appeal. The state additionally argues that the defendant was not prejudiced by his failure to specifically seek an appeal. The state’s motion for appeal was filed 46 days after rendition of the judgment granting the defendant’s motion to quash. However, the proceedings of September 15, 2008 took place 24 days after rendition of the judgment. Thus, if the state’s September 15 “intent to seek writs” constituted an oral motion for appeal, the state’s appeal was timely. If the state’s intent to seek writs did not constitute an oral motion for appeal, the state’s appeal was not timely filed. We have thoroughly reanalyzed the merits of the state’s position and the defendant’s position.
The defense relies upon State v. Garrus, 2002-1940 (La.App. 4 Cir. 6/4/03), 849 So.2d 796 for support. The Garrus defendant was charged with one count of unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. The state entered a nolle prosequi on April 2, 2002 and filed a second bill of information charging the defendant three days later. Id. at 797. On April 30, 2002, the defense filed a motion to quash the second bill of information. Id. The trial court granted the motion to quash that same day. Id. The state orally noted its intent to seek writs immediately after the trial court granted the defendants motion to quash. Id. at 798. The docket minutes indicated that on the same day the trial court granted the motion to quash, it allowed the state until May 29, 2002 to take a writ. Id. On May 29, 2002, the state filed a notice of intent to file an appeal, followed by a motion for appeal on June 10, 2002. The court granted the motion for appeal.
The state maintained that it adhered to the time constraints of La. C. Cr. P. art. 914 because it placed the defense on notice that it would seek review of the |sorder quashing the proceedings on the same day the trial court rendered the ruling. The state also contended that neither the trial court nor the defense objected to or claimed prejudice when the state orally noticed its intent to seek a -writ. Id. The court disagreed, concluding:
Considering the time limitation imposed by La. C. Cr. P. art. 914 and the procedural posture of this case in relation to State v. Gray, supra, it appears the *285 State’s appeal is untimely. Accordingly, we dismiss the State’s appeal as untimely under C. Cr. P. art. 914 and State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.
Id. at 799.
The defendant also relies on State v. Gray, 1998-0347 (La.App. 4 Cir. 10/21/98), 766 So.2d 550 for support. In Gray, three defendants were charged with various counts of second degree battery and aggravated battery, violations of La. R.S. 14:34.1 and La. R.S. 14:34 respectively. On June 24, 1996 the trial court refused to grant the state a continuance and the state dismissed the charges against each defendant. The state thereafter reinstated the charges against the defendants. The three defendants each filed motions to quash. Id. at 550-51. On November 19, 1996, the trial court granted the motions to quash following a hearing. Id. at 551. The trial court gave the state until December 19 to file for an appeal. On December 20, 1996, the State filed a motion for an appeal, which was granted by the trial court that same day. On appeal, the defendant contended that the state’s motion for an appeal was untimely because it was filed 31 days after the motion to quash was granted. The Fourth Circuit disagreed, concluding:
The defense fails to argue that the State’s motion for an appeal was untimely, and thus it will not be considered. Errors that are not briefed are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4
Id. at n. 1
The Fourth Circuit reversed the district court’s judgment on the merits. Id. at 554. The defendants filed a writ with the Louisiana Supreme Court. The ^Supreme Court granted the writ, vacated the judgment of the district court. The Court reasoned:
The district court’s judgment became final when the state failed to take a timely appeal from the disputed ruling. State v. Veazey, 337 So.2d 1163 (La. 1976).
State v. Gray, 1998-2902 (La.5/7/99), 740 So.2d 1291.
The state relies on State v. Armant, 02-907 (La.App. 5 Cir. 1/28/03), 839 So.2d 271 for support. The Armant defendant was found guilty as charged of one count of disturbing the peace and one count of resisting an officer. She was sentenced immediately thereafter on April 8, 2002. Id. at 273. The defendant’s counsel “requested that the court note his intention to take supervisory writs” without mentioning an appeal. Id. Counsel for the defendant filed a written motion for appeal on April 17, 2002, nine days after sentencing. At the time Armant was decided, La. C. Cr. P. art. 914(B) provided that a motion for appeal had to be made no later than five days after rendition of the judgment from which the appeal was taken or five days from the ruling on a motion to reconsider sentence filed pursuant to La. C.C.P. art. 881.1. Thus, if the Armant defendant’s oral notice of intention to seek supervisory relief constituted an oral motion for appeal, the motion for appeal would have been timely. If the defendant’s intention to file a “writ application” did not constitute a motion for appeal, the motion was untimely. We chose to construe the defendant’s oral notice to seek supervisory relief as an oral motion for appeal, noting:
Rather than dismissing the appeal and remanding the case for defendant to seek reinstatement of her appeal rights by application for post-conviction relief, we construe defendant’s oral notice of intention to seek supervisory relief as an oral notice of appeal. Absent a claim of prejudice by the State, such a construction is in the interest of judicial economy *286 and honors the premise that the law favors the right to appeal.
Id. at 274.
|7None of the previously mentioned cases is precisely similar to the facts of this case. The state would have us follow Armant. However, the states reliance on Armant is misplaced because in Armant, the defense, not the state, noticed its intent to seek writs rather than an appeal. In Armant, this Court implied that we would construe the defendant’s application for writs as an oral motion for appeal “[r]ather than dismissing the appeal and remanding the case for defendant to seek reinstatement of her appeal rights by application for post-conviction relief.” Armant, 839 So.2d at 274. The state cannot reinstate its right to an out-of-time appeal through an application for post-conviction relief. See State v. Counterman, 475 So.2d 336, 339 (La.1985) (explaining how the appropriate procedural vehicle for a criminal defendant to seek exercise of the right to appeal after the legal delay has expired is by application for post-conviction relief). Thus, this Court’s justification for treating the defendant’s request for supervisory jurisdiction as an oral motion for appeal in Amiant is not applicable to this case. Moreover, the Armant defendant was convicted of two misdemeanors, which are not normally appealable. La. Const, art. 5, § 10. See also La. C. Cr. P. art. 912.1; La. C. Cr. P. art. 779; La. R.S. 14:103.
In Garrus and Gray, the state filed the appeal, but the defendant specifically contested the timeliness of the appeal. In the instant ease, the defendant did not specifically contest the timeliness of the appeal. In Gray, the Fourth Circuit declined to address the timeliness of the appeal because the defendant did not brief the issue on appeal.[2] See Uniform Rules-Courts of Appeal, Rule 2-12.4. However, |sthe Supreme Court granted the defendant’s writ and vacated the judgment of the court of appeal. Thus, in Gray, the Supreme Court did not consider it relevant that the defendant failed to brief whether the state’s appeal was timely.
We believe that the facts of this case are most similar to the facts in Garrus and Gray. In Garrus, Gray, and this case, the state placed the defense on notice that it would seek review of an adverse judgment. The only important distinction we can discern between the facts of Garrus and Gray and the facts of this case is that in Gams and Gray, the defendant specifically objected to the state’s appeal whereas here the defendant did not. However, as previously mentioned, the propriety of this argument was considered and rejected in the Supreme Court’s disposition of Gray.
In addition, La. C. Cr. P. art. 914(A) clearly states that a “motion for appeal may be made orally in open court or by filing a written motion with the clerk.” Rules for writ applications are governed *287 by other sources of law, such as the Uniform Rules, Courts of Appeal. Similarly, La. C. Cr. P. art. 914(A) states that “[t]he motion [for appeal] shall be entered in the minutes of the court.” In this case, the minutes of September 15, 2008 indicate that the state noticed its intent to “file Writs.”
The state contends that it is “common practice of this Court to convert improperly filed appeals to writ applications and vice versa.” (state’s reply brief at 4) (citing Patterson v. Fed Ex Ground Package System, Inc., 08-1297 (La.App. 5 Cir. 3/24/09), 10 So.3d 794). The state’s argument is meritless for three reasons. First, the Patterson case does not stand for the proposition that it is a common practice of this Court to convert improperly filed appeals to writ applications and vice versa. Rather, Patterson noted that that “by en banc meeting of December 9, |92004, this Court decided that converting appeals to writs will be left to the discretion of the panel.” Patterson, 10 So.3d at 796 (emphasis added). Patterson contains no language stating that converting writs to appeals will be left to the discretion of the panel.
Second, this Court did not treat the defendant’s intention to treat the “writ” as an oral motion for appeal in Armant because we “frequently convert improperly filed appeals to writ applications.” The Armant panel treated the writ as an oral motion for appeal “[rjather than dismissing the appeal and remanding the case for defendant to seek reinstatement of her appeal rights by application for post-conviction relief’ and noted that it was doing so “in the interest of judicial economy.” Armant, 839 So.2d at 274. These concerns are not applicable to this case.
Third, and most pertinently, the state did not file a writ in this case. It filed a motion for appeal. The state’s action was therefore proper because the trial court granted the defendant’s motion to quash. See La. C. Cr. P. art. 912(B) (“[a]dverse judgments or rulings from which the state may appeal include ... (1) A motion to quash an indictment.”) (emphasis added). The issue before us is not that the state filed an appeal when it should have filed a writ or vice versa. It is rather that the state waited too long before filing the motion for appeal.
Finally, we note that we agree with the state that the defendant did not suffer any prejudice in the instant case. We also agree with the state that it put the defendant on notice that it intended to seek review of the trial court’s ruling on September 15, 2008. The state contends that this is sufficient for this Court to consider the merits of this appeal. The facts and ultimate dispositions in Gray and Garrus counsel that the opposite result is the correct one. The express language of La. C. Cr. P. art. 914 counsels the same.
[ ^CONCLUSION AND DECREE
For the foregoing reasons, the appeal is dismissed.

APPEAL DISMISSED.

. This transcript was not contained in the original appellate record.

. In this respect, the Gray opinion is not perfectly clear. In the body of the opinion, the court stated that "the defendants argued that the State's appeal was not timely filed, and, thus, this Court should refuse to hear the case." Gray, 766 So.2d at 551. However, in the footnote accompanying that portion of the opinion, the court noted that "[t]he defense fails to argue that the State's motion for an appeal was untimely, and thus it will not be considered. Errors that are not briefed are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.” Id. at n. 2. We interpret this to mean that the defendants argued that the state’s appeal was untimely either before it was granted or at the same time that the motion was granted, but chose not to brief the issue on appeal. But see id. at 554 ("[ljegardless of whether or not the state should have sought an appeal or sought writs, this application was untimely because the state missed the December 19, 1996, deadline to seek relief. The defendant does argue this in her brief, and as such, relief should be denied.”) (Plolkin, J., dissenting).