652 So.2d 586 (1995)
STATE of Louisiana
v.
Clarence WILLIS, Jr.
No. 94 KA 0056.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
*587 Walter J. Senette, Jr., Franklin, for State of La.
Indigent Defender Bd., Franklin, for Clarence Willis, Jr.
Before LeBLANC, PITCHER and FITZSIMMONS, JJ.
LeBLANC, Judge.
Defendant, Clarence W. Willis, Jr., was charged by bill of information with possession of cocaine with intent to distribute, in violation of La.R.S. 40:967 A(1). The State appeals from a trial court judgment granting defendant's motion to quash the bill of information, based on a speedy trial claim. We reverse, finding the record does not support defendant's claim of a violation of his right to a speedy trial.

FACTS
On October 19, 1989, defendant was arrested when thirty-two rocks of cocaine were found in his possession. The following facts were developed at the preliminary hearing. Louisiana State Police Trooper David Desormeaux testified that, on October 19, 1989, he was assisting the Alcohol and Beverage Commission in an undercover operation that targeted Dot's Lounge in Baldwin, Louisiana. The officers entered Dot's Lounge and conducted pat-down searches for weapons. Thirty-two rocks of cocaine were found in defendant's possession. After being placed under arrest and read his Miranda rights, defendant told Desormeaux that "Spanky" had given him the rocks to sell, in exchange for defendant keeping part of the sale proceeds. The rocks were sent to the crime lab, where they tested positive for cocaine. The bill of information charging defendant was filed on October 6, 1992.

ASSIGNMENT OF ERROR
The State contends it was error for the trial court to grant defendant's motion to quash the bill of information. The State argues that, although nearly three years elapsed between defendant's arrest and the filing of the bill of information, defendant was not prejudiced and that his right to a speedy trial was not compromised.
Defendant argues that, according to Doggett v. U.S., ___ U.S. ___, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), he does not have to demonstrate prejudice in order to prevail on a motion to quash for delaying his right to a speedy trial. At the hearing on the motion to quash, it was established that after defendant's arrest, there was no communication between the arresting agency and the District Attorney's Office about defendant's case. On May 27, 1992, the District Attorney's Office sent a letter to Trooper Desormeaux inquiring about defendant's case and stating that it had received no charges. On June 10, 1992, Trooper Desormeaux signed an affidavit stating the circumstances surrounding the arrest. On the same date, Trooper Desormeaux got an arrest warrant signed and sent both the warrant and the affidavit to the District Attorney's Office. A bill of information charging defendant with the crime was filed on October 6, 1992.
At the hearing on the motion to quash, defendant argued that, pursuant to La. C.Cr.P. art. 701 and the Sixth Amendment to the United States Constitution, he was denied the right to a speedy trial. During the hearing and in his brief, defendant argues that Doggett controls this case.
Defendant was charged with possession of cocaine with intent to distribute, an offense that is punishable at hard labor. La.R.S. 40:967 B(1). La.C.Cr.P. art. 572 provides in pertinent part:

*588 No person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor....
Defendant committed the offense on the same day as his arrest, which was October 19, 1989. The bill of information (which institutes prosecution) was filed on October 6, 1992. Thus, there was a period of nearly three years between the date of the commission of the crime and the institution of the prosecution. The prosecution was instituted well within the six year period provided by La.C.Cr.P. art. 572.
The question remains whether or not defendant was denied his constitutional right to a speedy trial under the provisions of the Sixth Amendment of the United States Constitution and Article I, Section 16 of the Louisiana Constitution. Determining whether a defendant's Sixth Amendment right to a speedy trial has been violated requires a careful balancing of the four factors enunciated by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). The factors are: (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of the right, and (4) the prejudice to the defendant.

(1) Length of the Delay

This factor serves as a "triggering mechanism". Unless there is a delay which is "presumptively prejudicial", there is no necessity for further inquiry into the other Barker factors. Barker, 407 U.S. at 530, 92 S.Ct. at 2192. If the delay is presumptive prejudicial, however, the court must then balance the delay together with the remaining three factors.
In this case, defendant complains of a delay of nearly three years between his arrest on October 19, 1989, and the filing of the bill of information on October 6, 1992. We believe this delay was of sufficient duration, given the facts herein, to trigger further inquiry into the remaining Barker factors. However, it has been emphasized that this conclusion is presumptively only, and does not warrant an immediate conclusion that defendant has been denied his right to a speedy trial. Robinson v. Whitley, 2 F.3d 562, 568 (5th Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1197, 127 L.Ed.2d 546 (1994).

(2) Reasons for the Delay

The record indicates that the delay in the filing of the information was caused by the fact that paperwork charging defendant was not forwarded to the district attorney's office, either because the normal procedure for the filing of an affidavit and warrant with the sheriff's office was not followed at the time of defendant's 1989 arrest or because the paperwork was lost. Once this error was discovered and the charge was received by the district attorney's office, the information was filed on October 6, 1992. Defendant does not allege the State intentionally caused the delay in order to gain a tactical advantage. In any event, the record would not support such a charge. The delay herein was clearly the result of "official negligence". Delays due to such negligence are weighed against the State more lightly than deliberate delays. Doggett, ___ U.S. at ___, 112 S.Ct. at 2693; Barker, 407 U.S. at 530, 92 S.Ct. at 2192; Robinson, 2 F.3d at 569.

(3) Assertion of Right to Speedy Trial

In order to alert the government to his grievance, the defendant has the responsibility of asserting his right to a speedy trial. Barker, 407 U.S. at 530, 92 S.Ct. at 2192; Robinson, 2 F.3d at 569. In Barker the Supreme Court stated that, "[t]he defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of that right." Barker, 407 U.S. at 532, 92 S.Ct. at 2192-93. The Court based this conclusion on its observation that the more serious the deprivation, the more likely a defendant is to complain about the delay. Additionally, the Court emphasized that a defendant's failure to assert the right will make it difficult for him to prove he was denied a speedy trial. Id.
*589 In the case sub judice, defendant did not assert his right to a speedy trial at anytime during the pre-information delay. Defendant did not file a written motion for speedy trial until approximately one month after the filing of the information on October 6, 1992. The fact that defendant remained silent, without asserting his right to a speedy trial, during the entire pre-indictment period, is a factor weighing against his claim. It suggests that any personal prejudice he was suffering was either minimal or caused by other factors. United States v. Avalos, 541 F.2d 1100, 1115 (5th Cir.1976), cert. denied, 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977); United States v. Palmer, 537 F.2d 1287, 1288 (5th Cir.1976), cert. denied, 434 U.S. 1018, 98 S.Ct. 738, 54 L.Ed.2d 764 (1978). Also see Robinson, 2 F.3d at 569.

(4) Prejudice to the Defendant

The final Barker factor inquires into the degree of prejudice suffered by a defendant due to the delay in prosecution. The Supreme Court has identified three means of establishing such prejudice: 1) proof of oppressive pre-trial incarceration; 2) proof of anxiety and concern of the accused; and 3) proof of a possibility that the defense was impaired. Barker, 407 U.S. at 532, 92 S.Ct. at 2193; Robinson, 2 F.3d at 570. While it is true that the Supreme Court in Doggett stated that "affirmative proof of particularized prejudice is not essential to every speedy trial claim", it also noted that "presumptive prejudice cannot alone carry a Sixth Amendment claim." Doggett, ___ U.S. at ___ _ ___, 112 S.Ct. at 2692-93.
The Doggett Court described three situations in which a defendant is required to show varying degrees of prejudice. One situation is when the government was reasonably diligent in its efforts to bring the defendant to trial. In that case, the defendant must show specific prejudice to his defense. Another situation is one in which the government intentionally held back its prosecution in order to gain an impermissible tactical advantage. In that case, the government's bad faith in causing delay is weighed heavily against it and in favor of dismissal. Robinson, 2 F.3d at 570. A third situation, occupying a middle ground, exists when the government's conduct was neither diligent nor malicious. In cases of such "official negligence", the court must perform yet another balancing test to determine the weight to be accorded such negligence. Under this test, the court must determine the portion of the delay attributable to the government's negligence and whether the negligent delay is of such duration that prejudice to the defendant should be presumed. The weight given to the government's negligence varies directly with its protractedness and its consequent threat to the fairness of the accused's trial. To warrant granting relief official negligence, unaccompanied by particularized trial prejudice, must have lasted longer than negligence demonstrably causing such prejudice. Doggett, ___ U.S. at ___, _ ___, 112 S.Ct. at 2693-94; Robinson, 2 F.3d at 570-71.
As previously noted, the delay in the present case resulted from official negligence. Although negligence is an unacceptable reason for delay, it is obviously to be weighed more lightly than deliberate delay. Doggett, ___ U.S. at ___, 112 S.Ct. at 2693. Further, the weight given to the State's negligence varies directly with its protractedness and its consequent threat to the fairness of the defendant's trial. Robinson, 2 F.3d at 570.
In the present case, defendant has neither alleged nor established any actual prejudice, such as unavailable witnesses or evidence lost as a result of the delay. Instead, defendant relies heavily on Doggett for the principle that proof of particularized prejudice is not essential to his speedy trial claim. While defendant is correct in his assertion that proof of particularized prejudice need not be established in every case, it is equally true that presumptive prejudice alone is insufficient to carry a speedy trial claim. It is merely one of several pertinent factors, whose importance increases with the length of the delay. Doggett, ___ U.S. at ___, 112 S.Ct. at 2693.
Further, we note that defendant did not assert his right to a speedy trial at anytime during the almost three year period prior to the filing of the information, suggesting any prejudice he might have suffered during this time was minimal. As noted by the Supreme *590 Court in Barker, "[t]he more serious the deprivation, the more likely a defendant is to complain." Barker, 407 U.S. at 531, 92 S.Ct. at 2192. Defendant's silence during this period strongly indicates he was not prejudiced as a result of the delay. See Barker, 407 U.S. at 531-32, 92 S.Ct. at 2192-93.

Conclusion
Taking into consideration and balancing all the Barker factors, the record clearly does not support defendant's speedy trial claim. The trial court erred in granting defendant's motion to quash. Although the delay between defendant's arrest and the filing of the information was excessive, being nearly three years, it was not even close to the eight-and-one-half year delay at issue in Doggett. Further, the reason for the delay herein was official negligence, rather than a deliberate attempt to gain a tactical advantage. Significantly, defendant did not once assert his right to a speedy trial during the preinformation delay of which he now complains. As explained by the Supreme Court in Barker, a defendant's failure to assert this right will make it difficult to prove he was denied a speedy trial. Barker, 407 U.S. at 533, 92 S.Ct. at 2193. Here, defendant did ultimately assert his right to a speedy trial, but not until after the filing of the information almost three years after his arrest. While the State is responsible for its own negligence in causing the delay, defendant also failed in his responsibility of alerting the State of his grievance.
Finally, there is no evidence that defendant suffered any actual prejudice as a result of the delay between his arrest and the institution of prosecution. Defendant's failure to assert his right during the pre-information period suggests any prejudice suffered by him was minimal. We believe any presumptive prejudice which may have arisen from the delay was rebutted by the record as a whole, including defendant's failure to assert the right during this period.
For the above reasons, the judgment of the trial court granting defendant's motion to quash the bill of information filed against him on October 6, 1992 is reversed. Judgment is hereby rendered denying defendant's motion to quash. This case is remanded to the district court for further proceedings in accordance with law.
REVERSED AND RENDERED; REMANDED TO TRIAL COURT.