853 So.2d 671 (2003)
STATE of Louisiana
v.
Ulysses A. SANTIAGO.
No. 2003-KA-0693.
Court of Appeal of Louisiana, Fourth Circuit.
July 23, 2003.
*672 Eddie J. Jordan, Jr., District Attorney, Claire Adriana White, Assistant District Attorney, Orleans, LA, for Plaintiff/Appellant.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR.).
PATRICIA RIVET MURRAY, Judge.
In this appeal by the State, the sole issue presented is whether the trial court erred in granting the motion to quash the bill of information filed by the defendant, Ulysses Santiago. Because we find under the facts of this case the fifteen-month delay in prosecution did not constitute a violation of Mr. Santiago's right to a speedy trial, we reverse and remand for further proceedings.

PROCEDURAL BACKGROUND
On October 12, 2001, Ulysses Santiago was charged by bill of information with possession of marijuana, second offense, in violation of La. R.S. 40:966(E) in case number 425-395. On October 31, 2001, he pleaded not guilty at his arraignment. On December 18, 2001, the trial court found probable cause and denied the motion to suppress the evidence. On March 13, 2002, when the case was called for trial, the State requested a continuance. When *673 the trial court denied the request, the State entered a nolle prosequi.[1]
On September 20, 2002, the State reinstituted the same charge against Mr. Santiago in case number 433-402. Arraignment was set and reset for October 2nd, 15th, 29th, November 12th, and 27th, but Mr. Santiago failed to appear. On December 11, 2002, Mr. Santiago appeared in court with counsel and pleaded not guilty. On that same date, Mr. Santiago filed a motion to quash the bill of information, asserting a violation of his right to a speedy trial. On January 16, 2003, after a hearing, the trial court granted the motion to quash. This appeal by the State followed.
Because there was no trial, there are no facts to relate.

DISCUSSION
The Louisiana Code of Criminal Procedure authorizes the State to dismiss any prosecution without obtaining the trial court's consent. La.C.Cr. P. art. 691. The only limitation the Legislature placed on the State's authority to reinstitute charges is set forth in Article 576. See State v. Larce, XXXX-XXXX (La.App. 4 Cir. 1/23/02), 807 So.2d 1080. Article 576 provides that when the State has dismissed a timely instituted criminal proceeding, the State may institute new charges for the same offense "within the time limits established by this Chapter or within six months from the date of dismissal, whichever is longer;" however, the State must show that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set by Article 578. La.C.Cr.P. art. 576. Given the charge in question is a non-capital felony, Article 578 requires that the State bring the defendant to trial within two years from the date of the bill of information. La.C.Cr. P. art. 578.
In this case, the bill of information was filed on October 26, 2001; therefore, the State had until October 2003 to bring Mr. Santiago to trial. These statutory time periods have not been surpassed in the instant case, and the State has not attempted to circumvent these statutory limitations. See La.C.Cr.P. art. 576.
In addition to the statutory right to a speedy trial recognized by La.C.Cr.P. art. 701(A), a defendant also has a fundamental, constitutional right to a speedy trial. In analyzing such a constitutional speedy trial violation claim, it is well-settled that the standard to be applied is the four factor test set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); to wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The initial factor, the length of the delay, is often referred to as the "triggering mechanism" because absent a "presumptively prejudicial" delay, further inquiry into the Barker factors is unnecessary. See State v. DeRouen, 96-0725, p. 3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 40.
As the State points out, it is well-settled that a defendant challenging the State's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 2000-511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. The State argues that Mr. Santiago failed to meet that burden. The State stresses that it only requested a single continuance on the date of the first trial setting and that it noted its reason for dismissing the charges at that time; on the bill of information, *674 the State handwrote, "State forced to trial. Nolle prosequi." As the State puts it, "[t]he State was simply not prepared to go to trial, most likely due to the lack of witnesses."
The State further points out that the fifteen month delay is partially attributable to Mr. Santiago's failure to appear on at least five occasions when the matter was set for arraignment. Although Mr. Santiago contends that his failure to appear was due to the fact he had not been served with notice of arraignment, the minute entries for those five days indicate that he was sent notices at his listed address. The State still further points out that Mr. Santiago never asserted the right to a speedy trial until he filed his motion to quash. Lastly, the State stresses that the prejudice to Mr. Santiago as a result of the delay was "minimal" given that he was not incarcerated during this period coupled with the fact that he makes no allegations that the delay caused any problem regarding witnesses. Finally, the State stresses that there is no indication that it dismissed and reinstituted the charges for the purpose of avoiding the statutory time limitations or depriving Mr. Santiago of his right to a speedy trial. Hence, the State argues the trial court's ruling should be reversed and the case remanded.
Answering the State's appeal, Mr. Santiago asserts that the delay was twenty-one months and thus presumptively prejudicial under the jurisprudence. However, our calculations reveal the actual delay from the initial institution of charges on October 12, 2001 until the granting of the motion to quash on January 16, 2003 was only fifteen months. As discussed below, under similar facts, in DeRouen, supra, we found a fifteen-month lapse between filing of charges and the granting of the motion to quash was not a violation of the defendant's constitutional right to speedy trial. Nonetheless, we note Mr. Santiago's other arguments. Particularly, he further argues that the only continuance sought in this case was by the State and that the State delayed seven months before reinstituting the charges. For those reasons, he contends that the State was responsible for the significant delay in this case. Mr. Santiago concedes that he never filed a motion for speedy trial until he moved to quash. Lastly, contrary to the State's contention, he contends he was prejudiced in that despite the fact he was previously informed this matter was closed, he must now defend these charges.
Recently, in State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198, 2003 WL 21205365, the Louisiana Supreme Court extensively analyzed the issue presented in this case. Citing DeRouen, supra, and other appellate decisions, the Supreme Court noted that Louisiana courts clearly understand that the determination of motions to quash in which the district attorney entered a nolle prosequi and subsequently reinstituted the same charges are to be decided on a case-by-case basis. Continuing, the Supreme Court cautioned that its decisions should not be read to constrain trial courts from exercising their discretion in appropriate cases to grant motions to quash when there is a showing that the district attorney has obviously flaunted his authority to favor the State at the defendant's expense. Likewise, the Court instructed that appellate courts can appropriately reverse trial court rulings denying motions to quash under those circumstances. The converse of the latter example is presented by this case; the trial court granted Mr. Santiago's motion to quash without such a showing.
As noted above, this case is factually indistinguishable from DeRouen, supra, which was cited in Love and in which we reversed a trial court's ruling granting a *675 motion to quash. In DeRouen, the State nolle prosequied when it was not prepared to begin trial. As noted, DeRouen, like this case, involved a fifteen-month delay. During that fifteen-month delay in DeRouen, there were seven scheduled trial dates, yet only two of those dates were upset by the State; the other five upsets were attributable to other causesthe May 1995 flood, the trial court's calendar, and Mr. DeRouen's co-defendants. Finding Mr. DeRouen's allegation of prejudice insufficient, we noted that his complaints were based more on the existence of the charges themselves than on any delay in the proceeding. Still further, we noted that Mr. DeRouen had not been incarcerated and that the delay had not had any adverse impact on his defense. We thus reversed the trial court's ruling granting his motion to quash and remanded for further proceedings.
This case is factually indistinguishable from DeRouen. Beside the fact the delay was only fifteen months, the State's stated reason for entering the nolo prosequi was because it was not prepared to begin trial. Like Mr. DeRouen, we find Mr. Santiago's allegation of prejudicehaving to defend the chargeis more the result of the existence of the criminal charge itself than the delay in prosecution. Mr. Santiago was not incarcerated, and he does not allege the delay resulted in any adverse impact on his defense. For these reasons, we find, as in DeRouen, that the trial court abused its discretion in granting Mr. Santiago's motion to quash.

DECREE
For the foregoing reasons, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The state filed a motion to supplement the record with the Criminal District Court record from case No. 425-395, which we granted.