17 So.3d 1061 (2009)
STATE of Louisiana
v.
Michael SHANNON.
No. 2009-KA-0305.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 2009.
Rehearing Denied September 30, 2009.
*1063 Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for Appellant, State of Louisiana.
Paul C. Fleming, Jr., Paul C. Fleming Jr., Attorney at Law, Metairie, LA, and Michael J. Rocks, Gretna, LA, for Appellee, Michael Shannon.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS, JR., Judge PAUL A. BONIN).
MAX N. TOBIAS, JR., Judge.
On 14 July 2005, the state filed a bill of information in case number 461-193 charging the defendant, Michael Shannon ("Shannon"), with manslaughter. He entered a not guilty plea on 19 July 2005. The charges were nolle prosequied by the state on 11 August 2005 because a grand jury indictment was returned on 28 July 2005 charging Shannon with second-degree murder.
The grand jury indictment was filed as case number 461-701. Shannon entered a not guilty plea on 5 August 2005 to the new charges. A hearing on motions scheduled for 2 September 2005 did not occur because of Hurricane Katrina. On 14 March 2006, several pretrial motions were filed by defense counsel, including a motion for speedy trial. The hearing on motions that was scheduled for 8 May 2006 was continued until 12 June 2006 because Shannon was not brought to court. A continuance at the state's request was granted on June 12, 2006, and the motion hearing was rescheduled for 30 June 2006. A supplemental motion for discovery was filed by the defense on 26 June 2006. Another continuance at the state's request of the motion hearing was granted on 30 June 2006, and continued until 21 August 2006. On 24 July 2006, the defense filed a motion seeking Shannon's release pursuant to La.C.Cr.P. art. 701. The hearing on all motions that was scheduled for 21 August 2006 was continued until 21 September 2006 at the request of both the state and the defense. On the 21st, the trial court denied the motion to suppress the identification and granted the motion for speedy trial, noting that the time limitation established under article 701 were to begin running that day. Trial was set for 16 January 2007. On 11 January 2007, the district court continued the previously scheduled trial date until 13 March 2007 so that defense counsel could have time to meet with Shannon in parish prison. Attorneys Lee Vance Faulkner, Jr. and Paul C. Fleming, Jr. enrolled as co-counsel for Shannon on 1 March 2007. A continuance at the defense's request was granted on 8 March 2007, and the trial was rescheduled for 11 April 2007. Attorney Patrick J. Costa's motion to withdraw as counsel of record was granted.
On April 11th, attorneys Faulkner and Fleming filed a motion to quash the indictment; the motion was denied by the district court on 25 May 2007. A motion to determine Shannon's indigency was filed on 22 June 2007. On 24 August 2007, the state and defense again moved to continue the trial, and it was reset for 3 October *1064 2007. After the state filed a notice of disclosure and the defense filed a discovery inventory list on 27 September 2007, an evidentiary hearing was scheduled for 18 October 2007 thereby rendering the October 3rd trial date moot. A pretrial conference that was originally scheduled for 13 November 2007 was eventually held on 18 January 2008. On that day, defense counsel's motion to continue the trial from 7 April 2008 until 8 April 2008 was granted. A motion to disclose favorable evidence and motion in limine to admit expert testimony on eyewitness identification were filed by the defense on 26 February 2008. The state's motion to continue the trial until 9 June 2008 was granted on 25 March 2008. On June 9th, the state moved to continue the trial because the assistant district attorney ("ADA") assigned to the case was involved in a first-degree murder trial until 6 June 2008. The motion filed by the state indicates that the ADA spoke with the trial court on June 7th and was under the impression that the court would grant a continuance. As a result of this impression, the state did not arrange to have its out-of-state witness in court. The trial court denied the motion and ordered jury selection to begin. The state entered a nolle prosequi.
On 11 June 2008, the state filed a bill of information charging the defendant with manslaughter in case number 478-681. These charges were nolle prosequied on 16 June 2008 because a new grand jury indictment was returned on 12 June 2008 charging Shannon with second-degree murder.
The grand jury indictment was filed under case number 478-693. On 23 June 2008, Shannon entered a not guilty plea. The state moved to have the trial set in October because it was the earliest an out-of-state witness could attend.[1] The motion was denied by the trial court, and Shannon's trial was scheduled for 30 June 2008. The state filed an emergency application for supervisory writs in this court, which was granted. This court found that the witness was justifiably unavailable to testify at the time and would not be available to testify at trial until the week of 20 October 2008. The trial court was ordered to set a trial date on which the witness would be available to testify. State v. Shannon, 08-0825, unpub. (La.App. 4 Cir. 6/26/08). On 30 June 2008, the trial court denied Shannon's motion to reduce his bond. Trial was reset for 12 November 2008. On 14 July 2008, the defense filed a second motion to quash the bill of information on the basis of prescription, which was heard on 17 July 2008 and denied on 18 August 2008. The defense was ordered to set for hearing its motion in limine by 20 August 2008, and a status hearing was scheduled for that date. On that date, it was rescheduled for 29 August 2008; however, the hearing could not be held because the approach of Hurricane Gustav to New Orleans. The status hearing was rescheduled for 2 October 2008 at which a hearing on motions was scheduled for 7 November 2008. On November 7th, the motion in limine was denied. The state's motion to continue the 12 November 2008 trial date was also denied. On 12 November 2008, Shannon's trial was continued until 13 November 2008 because of another trial in progress. Prior to the beginning of trial on that day, the defense re-urged its motion to quash on the basis of prescription, which was granted. The state's motion to appeal the ruling was also granted.

*1065 STATEMENT OF FACTS

The facts of the underlying offense are unknown and are not pertinent to the issue in this appeal.

ASSIGNMENT OF ERROR
By its sole assignment of error, the state contends that the trial court erred by granting the motion to quash the bill of information. Shannon's motion to quash was based on his argument that the state failed to bring him to trial within the time limitations set forth in La.C.Cr.P. art. 578. He additionally argued that his constitutional right to a speedy trial had been violated, and the court agreed with both arguments, specifically finding that the case prescribed in October 2008.
As per article 578, the state had two years from the institution of prosecution in which to bring the defendant to trial. However, the time periods listed in article 578 may be suspended by the accused's filing of a motion to quash or other preliminary plea until the court rules on the plea, but in any case the state has no less than one year from the ruling in which to bring the accused to trial. La.C.Cr.P. art. 580. Per La.C.Cr.P. art. 579, these time periods may also be interrupted, in which case the time limitations of article 578 begin to run anew once the cause of the interruption ceases to exist.
Here, charges were originally instituted on 14 July 2005. It is clear from the record that a substantial part of the delay in the proceedings was caused by Hurricane Katrina's disruption beginning on 29 August 2005 and not attributable to the state. La.C.Cr.P. art. 579(2); State v. Brazile, 06-1611 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, writ denied, 07-1339 (La. 1/7/08), 973 So.2d 733 (finding Hurricane Katrina was a cause beyond the control of the state for purposes of La.C.Cr.P. art. 579). Prior to the hurricane, no continuances were sought by either the state or the defense. In State v. Hamilton, 07-0582 (La.App. 4 Cir. 11/28/07), 973 So.2d 110, this court held that the interruption caused by Hurricane Katrina ceased on 5 June 2006. Because the time limitations established by article 578 began to run anew after the interruption caused by the hurricane ceased, the relevant inquiry thus focuses on the delay in the proceedings beginning from 5 June 2006 until the motion to quash was granted on 13 November 2008.
On 26 February 2008, the defense filed a motion in limine that was not denied until 7 November 2008.[2] Hence, from 26 February 2008 until 7 November 2008, the two-year time period established by article 578 was suspended as the motion in limine was a preliminary plea that postponed the beginning of trial. Pursuant to La.C.Cr.P. art. 580, the state had at least one year from 7 November 2008 or until 7 November 2009 to bring Shannon to trial. Also, the second motion to quash that was filed on 14 July 2008 also suspended the running of the two-year time limitation established by article 578 until it was denied on 18 August 2008. Because of the filing of these preliminary pleas, the time period established under article 578 had not accrued. The trial court erred in granting the motion to quash on this basis.
As to Shannon's constitutional right to a speedy trial, this court considered the same issue as raised in the case at bar in State v. Santiago, 03-0693 (La. App. 4 Cir. 7/23/03), 853 So.2d 671, and stated:
In addition to the statutory right to a speedy trial recognized by La.C.Cr.P. art. 701(A), a defendant also has a fundamental, constitutional right to a *1066 speedy trial. In analyzing such a constitutional speedy trial violation claim, it is well-settled that the standard to be applied is the four factor test set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); to wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The initial factor, the length of the delay, is often referred to as the "triggering mechanism" because absent a "presumptively prejudicial" delay, further inquiry into the Barker factors is unnecessary. See State v. DeRouen, 96-0725, p. 3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 40.
As the State points out, it is well-settled that a defendant challenging the State's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 2000-511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142.
03-0693, p. 3, 853 So.2d at 673.
Applying the first Barker factor, the length of the delay between the initial filing of the bill of information in case number 461-193 on 14 July 2005 and the granting of the motion to quash on 13 November 2008 spanned three years and four months and may be deemed "presumptively prejudicial."
Turning to the second Barker factor, as indicated earlier, a substantial part of the delay in Shannon's proceedings was caused by Hurricane Katrina's disruption. Though Shannon implies that the state was flaunting its authority under La.C.Cr.P. art. 691 by repeatedly entering a nolle prosequi and reinstituting the charges, we do not find the assertion to be convincing.
In State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245, the Court addressed the codal and jurisprudential foundations relative to such issues as follows:
Article 691 of the Louisiana Code of Criminal Procedure confers on the district attorney the power to dismiss a formal charge, in whole or in part, and provides that leave of court is not needed. La.C.Cr.P. art. 693 expressly provides, subject to narrowly delineated exceptions, that dismissal of a prosecution "is not a bar to a subsequent prosecution...." The general limit imposed by the legislature on the discretion of the State under La.C.Cr.P. art. 691 to dismiss a prosecution without the consent of the court is that the dismissal of the original charge is "not for the purpose of avoiding the time limitation for commencement of trial established by Article 578." La.C.Cr.P. art. 576. La. C.Cr.P. art. 578(2) requires that trial of a non-capital felony be commenced within two years from the date of institution of the prosecution.
A court's resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. In those cases "where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation." Id.

05-1571, p. 5, 939 So.2d at 1249.
Here, the charges were twice nolle prosequied after a grand jury indictment was *1067 returned, and the charges were reinstituted under those indictments. The nolle prosequi entered in case number 461-701 was entered because of a misunderstanding between the court and the state and the fact that a critical out-of-town witness was not present to testify. The Louisiana Supreme Court has held that the unavailability of a state witness is a legitimate reason for delaying trial under the Speedy Trial Clause. State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198; State v. Batiste, supra. This court later found in case number 478-693 that the same critical witness was "justifiably unavailable to testify" in June of 2008 and would not be available to testify until the week of 20 October 2008. The trial court was ordered to schedule a trial date when the witness was available. Notably, the defense indicated that it did not have any dates available in October and requested that the trial be set in November. The trial was scheduled for 13 November 2008 because of the request. On that day, the motion to quash was granted by the trial court despite the fact that the state announced that it was ready to proceed to trial. Given these circumstances, we do not find the state flaunted its authority under La.C.Cr.P. art. 691, especially when the greatest portion of the delay was brought about by Hurricane Katrina. Also, additional delays were caused post-Katrina by the filing of preliminary pleas by the defense.
With respect to the third Barker factor, the defendant asserted his right to speedy trial.
The fourth Barker factor involves an inquiry into the degree of prejudice suffered by the accused due to the delay in prosecution. Any prejudice to the accused must be assessed in light of his interest (a) to prevent oppressive pretrial incarceration, (b) to minimize anxiety and concern to the accused, and (c) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532, 92 S.Ct. at 2193. The most important consideration in the prejudice factor is whether the defendant's defense was impaired by the delay. Id.
Here, the only prejudice asserted by Shannon is the length of the delay; he has not asserted that his defense has been impaired. Importantly, the delays caused in the proceedings are not wholly attributable to the state. Thus, prejudice should not be presumed simply because of the three-year and four-month delay in the trial of the case. See U.S. v. Serna-Villar-real, 352 F.3d 225 (5th Cir.2003) (the court reviewed federal jurisprudence on the issue and found that courts had presumed prejudice only in cases in which the post-indictment delay lasted at least five years and ruled that a delay of three and one-half years to be too short of a period to presume prejudice); State v. Willis, 94-0056 (La.App. 1 Cir. 3/3/95), 652 So.2d 586, (three and one-half year delay).

CONCLUSION
We reverse the decision of the trial court granting Shannon's motion to quash and remand this case to the trial court for further proceedings.
REVERSED; REMANDED.
BONIN, J., concurs with reasons.
BONIN, J., concurs with reasons.
I respectfully concur in reversing the motion to quash the indictment because the defendant's Sixth Amendment right to a speedy trial was not violated.[1]
*1068 The trial judge rhetorically asked this question, "Well, how much more prejudice can there be than to hold a citizen who is presumed to be innocent in prison for four years without a trial?" La.C.Cr.P. art. 701(D)(2) supplies the basis for initial judicial intervention in preventing the kind of prejudice the trial judge remarked upon:
Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
Although contrary to the majority opinion, State v. Hamilton, 07-0582 (La.App. 4 Cir. 11/28/07), 973 So.2d 110, did not hold that the interruption of time limitations occasioned by the storm terminated on June 5, 2006, that date is nevertheless an acceptable date of reference. On July 24, 2006, the defense filed a motion for speedy trial pursuant to La.C.Cr.P. art. 701. Nonetheless, over the next 27 months, Mr. Shannon was neither tried nor released from custody.
An article 701 release should ordinarily be employed before resorting to the more drastic remedy of quashing an indictment. An article 701 release can impress upon the prosecution the urgency of commencing the trial while not inordinately delaying the trial's commencement occasioned by the prosecution's successful appeal of the ruling quashing the indictment. La. C.Cr.P. art. 912(B)(1).
NOTES
[1] The witness is former New Orleans Police Department Detective Jeff Jacobs, who was the lead detective on the case.
[2] The defense sought to present an expert on eyewitness identifications at trial.
[1] The standard of review, not mentioned in the majority's opinion, is abuse of discretion. State v. Batiste, 05-1571, p. 9 (La. 10/17/06), 939 So.2d 1245, 1251; State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206-07.