BONIN, J.,
Concurs with Reasons.
|,1 respectfully concur in the reversal of the district court’s ‘pretrial ruling to quash the indictments for second degree murder.
I write separately to highlight and briefly explain the following provision of the Per Curiam which issued on June 17, 2010: “All rights of each party are reserved for appeal.” By this provision our court explicitly reserves the right of either defendant in the event he is convicted after trial to re-urge the claim on direct appeal.
12While the defendants, who were incarcerated for more than eight years without trial, were surely entitled to a pretrial evidentiary hearing[1] on their motion to quash the indictments based upon the claim that they have been deprived of their Sixth Amendment right to a speedy trial, neither defendant sufficiently established on the basis of the evidence at the pretrial hearing entitlement to quashal at this stage of the proceedings. The United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 522, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) observed that
The amorphous quality of the right [to a speedy trial] also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy.
The burden of establishing prejudice, even where the delay itself is presumptively prejudicial, at the pretrial stage is particularly difficult because of society’s interest in trying people accused of crime and not granting an accused “immunization because of legal error.” See United States v. Ewell, 383 U.S. 116, 121, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).[2] Society in general and the surviving family members of the murdered victim in particular are entitled to public justice, which includes a public and speedy trial.
In the context of this particular case[3] prejudice to the defendants from the em *54 barrassing pretrial delay[4] may become obvious from the evidence (or lack of evidence) at the trial and the defendants’ entitlement to relief can be addressed on appeal. But, in the meantime, no further delays in their trials will be countenanced.

. See State v. Patin, 2009-1620 (La.App. 4 Cir. 1/29/10) (unpub.) and State v. Thomas, 2009-1647 (La.App. 4 Cir. 1/27/10) (unpub.).

. An appropriate, and less severe, remedy when pretrial delays approach unacceptable limits is either a release pursuant to La. C.Cr.P. art. 701 or a reduction in the amount of bail under La.C.Cr.P. art. 342. Such action "can impress upon the prosecution the urgency of commencing the trial while not inordinately delaying the trial's commencement occasioned by the prosecution's successful appeal of the ruling quashing the indictment.” State v. Shannon, 09-0305, p. 2 (La.App. 4 Cir. 9/9/09), 17 So.3d 1061, 1068 (Bonin, J., concurring).

. See Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950 (1905).

. See Concurring Opinion of Tobias, J.